**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3377-20

IN THE MATTER OF
THE ESTATE OF
YVONNE ALBERICCI,
deceased.

_____

Submitted April 25, 2022 – Decided July 26, 2022

Before Judges Sumners and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. P-000365-19.

Walsh & Walsh, LLC, attorneys for appellant Dara Albericci (John K. Walsh, Jr., of counsel and on the brief).

Gregg F. Paster & Associates, attorneys for respondents Steven Albericci, Scott Albericci, and Corry Albericci (Timothy Wedeen, of counsel and on the brief; Gregg F. Paster, on the brief).

PER CURIAM

Defendant Dara Albericci challenged the probate of the estate of her late mother, Yvonne Albericci. Dara[1] contended her mother's last will and testament did not bequeath her a share of the estate because her mother was suffering from a diminished mental capacity as terminal stomach cancer made her susceptible to undue influence of her brothers, plaintiffs Steven Albericci, Corry Albericci, and Scott Albericci. The will directed that after payment of debts and funeral expenses, the "rest, residue and remainder" of Yvonne's estate was to be equally divided among plaintiffs per stirpes, and her other son, Robert Albericci, and two daughters, Dara Albericci and Deborah Albericci, were to be excluded from receiving any share of the estate "for reasons known to each of them."

After a seven-day trial, Chancery Judge Edward A. Jerejian dismissed Dara's challenge with prejudice, finding there was nothing suspicious about Yvonne's execution of her will.[2] In his oral decision, the judge explained there was no evidence that the "strong-willed" Yvonne was feeble and not thinking clearly when she met with a lawyer—recommended by a friend and unknown by

---

[1] For convenience and to avoid confusion, we refer to the Albericci family members by their first names because they share a surname. We mean no disrespect.

[2] Steven was appointed executor per the will subject to being qualified by the Surrogate Office.

the parties—to prepare and then execute her will. The judge found there was no evidence that Yvonne was influenced by plaintiffs to leave the entirety of her estate to them and disinherit Dara. The judge noted plaintiffs had taken care of their "dying mother," whereas Dara had "alienated" her mother before she became ill and had not spoken to her in the three years before her death. As further indication of the daughter/mother estrangement, the judge found that from the day Dara became aware of her mother's terminal illness until the day her mother died, she did not visit or call her, nor did she write to her. Dara also did not attend her mother's funeral service, including the wake or burial, despite being invited by her siblings.

Despite her unsuccessful challenge, Dara filed a Rule 4:42-9(a)(3) motion to have the estate pay her attorneys' fees of $87,018.75 and costs of $2,874.54. Judge Jerejian, applying In re Reisdorf, 80 N.J. 319 (1979), denied the request, finding Dara failed to establish "reasonable cause" for contesting her mother's will and it would be unfair for the estate to pay her attorneys' fees and costs. Essentially reiterating the findings of his prior decision dismissing Dara's will contest, the judge explained "there was really nothing that even touched upon . . . undue influence here [by plaintiffs], [or the existence of] a confidential

relationship [between plaintiffs and Yvonne] or suspicious circumstances" surrounding the execution of Yvonne's will.

Before us, Dara contends the judge abused his discretion because she established at trial "both a confidential relationship and suspicious circumstances that constituted reasonable cause to challenge the validity" of her mother's will. We disagree.

In a will contest, the allowance of counsel fees and costs under Rule 4:42-9(a)(3) is discretionary. Id. at 327. "[F]ee determinations by trial [judges] will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). "While deference will ordinarily be given to discretionary decisions, such decisions will be overturned if they were made under a misconception of the applicable law." O'Neill v. City of Newark, 304 N.J. Super. 543, 550 (App. Div. 1997). Where the decision turns on a question of law that flows from established facts, the trial judge's decision is not entitled to any deference, and appellate review is de novo. Dempsey v. Alston, 405 N.J. Super. 499, 509 (App. Div. 2009).

"Except in a weak or meretricious case, courts will normally allow counsel fees to both proponent and contestant in a will dispute." Reisdorf, 80 N.J. at

4

326. An unsuccessful contestant is entitled to costs when he or she shows "reasonable cause" for bringing a probate challenge, defined as a belief that "rested upon facts or circumstances sufficient to excite in the probate court an apprehension that the testator lacked mental capacity or was unduly influenced." In re Will of Caruso, 18 N.J. 26, 35 (1955). This requirement "works no hardship upon the contestant and affords some protection to the estate from speculative and vexatious litigation." Ibid. (quoting In re Sebring's Will, 84 N.J. Eq. 453, 455 (Prerog. Ct. 1915)). It is incumbent upon the trial judge not to reduce an attorneys' fees request due to the judge's personal policy of "discouraging or 'deterring'" fee-shifting cases. In re Probate of the Alleged Will and Codicil of Macool, 416 N.J. Super. 298, 314 (App. Div. 2010)

With these principles in mind, we have reviewed Dara's arguments and find them to be without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following brief comments.

Judge Jerejian's denial of Dara's motion for attorneys' fees and costs did not constitute an abuse of discretion, let alone a clear abuse of discretion. His factual findings that there was no reasonable cause for Dara's will challenge and, thus, the estate was not responsible for her attorneys' fees and costs, are supported by credible evidence in the record. He did not misapply the law.

Hence, we affirm for the reasons substantially stated in the judge's oral decision and will not disturb his order.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION